UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DIANNE PROSSEDA,

    Plaintiff,

v.

THE WINDHAM GROUP, *et al.*,

    Defendants.

No. 1:23-23069

OPINION

---

**APPEARANCES**:

**Daniel S. Orlow**
CONSOLE MATTIACI LAW, LLC
110 Marter Avenue, Suite 502
Moorestown, NJ 08057

    *On Behalf of Plaintiff*.

**Jacqueline K. Gallagher**
**Adam Yanoff**
O'HAGAN MEYER PLLC
1717 Arch Street, Suite 3910
Philadelphia, PA 19103

    *On Behalf of Defendants*.

**O'HEARN, District Judge.**

This matter comes before the Court on a Motion to Dismiss Plaintiff Dianne Prodessa's ("Plaintiff") Amended Complaint for lack of jurisdiction and failure to state a claim by Defendants the Windham Group and Windham Injury Management Group (collectively, "Defendants"). (ECF No. 18). Alternatively, Defendants seek a transfer of this matter to the U.S. District Court for the District of New Hampshire or the Eastern District of Pennsylvania. The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, the Court finds that venue is improper under Federal Rule of Civil Procedure 12(b)(2) and will transfer this matter to the Eastern District of Pennsylvania. Accordingly, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.  BACKGROUND

Plaintiff was employed by Defendants as a Nurse Case Manager from December 27, 2017, until her termination on December 22, 2022. (Compl., ECF No. 11 at ¶¶ 23–24, 70). During her employment, Plaintiff alleges that she was subjected to a hostile work environment due to repeated sexual harassment by a workers' compensation claimant, that Defendants failed to accommodate her disability-related travel restrictions, and that Defendants retaliated against her for raising complaints about the harassment and requesting a workplace accommodation. (*Id.* at 1–2).

In her role as a Nurse Case Manager, Plaintiff represented workers' compensation insurance carriers by managing medical treatment for injured workers and facilitating their return to work. (*Id.* at ¶ 25). Her job required her to act as a liaison among injured workers, their healthcare professionals, and insurance carriers. (*Id.* at ¶ 26). Plaintiff's responsibilities often included attending in-person medical appointments across New Jersey, Pennsylvania, and Delaware, and a significant portion of her time was spent traveling to these appointments. (*Id.* at

¶¶ 27–28). When not traveling, Plaintiff worked from her home office in Swarthmore, Pennsylvania. (*Id.* at ¶ 30).

In June 2022, Plaintiff was assigned to a New Jersey-based workers' compensation claimant. (*Id.* at ¶ 34). During two in-person medical appointments in Marlton, New Jersey, the claimant made comments about Plaintiff's physical appearance. (*Id.* at ¶¶ 36–38, 40). The claimant also sent Plaintiff multiple sexually harassing text messages, which included inappropriate remarks about her appearance and explicit requests, though Plaintiff does not plead where she was located when she received such text messages. (*Id.* at ¶ 39).

Plaintiff alleges that she reported the harassment to her supervisors in multiple meetings and phone calls over an unspecified period of time and in response to one such complaint, a supervisor asked Plaintiff what she had been wearing during her visits with the claimant. (*Id.* at ¶¶ 42–43). Plaintiff does not allege where she was when these meetings occurred, though as noted above, her home office was in Pennsylvania, (*Id.* at ¶ 30), and her supervisors were located in New Hampshire, Michigan, and New York. (Def.'s Mot., ECF No. 18-1 at 26). Despite Plaintiff's repeated complaints and requests to be removed from the claimant's account, her supervisor instructed her to continue working with the claimant. (Compl., ECF No. 11 at ¶¶ 45–46). On October 7, 2022, Plaintiff forwarded the claimant's harassing text messages to her supervisor, and Plaintiff was subsequently removed from the case. (*Id.* at ¶ 53–54). Plaintiff alleges that the claimant's actions, coupled with her supervisor's questioning and Defendants' failure to adequately respond, constituted a hostile work environment.

In addition to her claims of sexual harassment, Plaintiff also alleges that Defendants failed to accommodate her disability. Specifically, Plaintiff is an incomplete paraplegic, meaning that she has partial paralysis of her lower extremities. (*Id.* at ¶ 18). Her condition limits her ability to

drive standard automobiles and necessitates the use of specialized hand controls, which result in physical fatigue when driving for prolonged periods of time. (*Id.* at ¶¶ 19–21). In September 2022, Plaintiff requested a workplace accommodation to limit her travel into New Jersey due to the physical strain caused by her disability. (*Id.* at ¶ 50). Although her supervisor agreed to stop assigning new cases in New Jersey, Plaintiff contends that she continued to receive assignments that would have required her to drive into the state, though she does not allege that such travel actually occurred. (*Id.* at ¶¶ 51–52).

On December 9, 2022, Plaintiff was placed on a 90-day Performance Improvement Plan for alleged poor job performance. (*Id.* at ¶¶ 57–58). Shortly thereafter, on December 14, 2022, Plaintiff received a Final Written Warning. (*Id.* at ¶ 63). On December 22, 2022, Plaintiff was terminated, effective immediately. (*Id.* at ¶ 70). Plaintiff alleges her termination was in retaliation for her complaints about sexual harassment and her request for a workplace accommodation. (*Id.* at ¶ 74).

## II.   PROCEDURAL HISTORY

Plaintiff filed her First Amended Complaint on March 27, 2024, alleging violations of Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and the New Jersey Law Against Discrimination ("NJLAD"). (ECF No. 11). Defendants filed the instant Motion to Dismiss or Transfer Venue on July 1, 2024. (ECF No. 18). Plaintiff filed her Opposition on August 20, 2024, (ECF No. 22), and Defendants filed their Reply on August 27, 2024. (ECF No. 23).

## III.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(3)

A party may move to dismiss a case for improper venue under Federal Rule of Civil Procedure 12(b)(3). Venue in actions brought under Title VII or the ADA is governed by specific

statutory provisions, which are "mandatory and well-settled, thereby rendering other general venue statutes inapplicable." *Sandler v. Donley*, No. 09-06257, 2011 WL 2293327, at *2 (D.N.J. June 8, 2011) (quoting *Vincent v. Woods Servs.*, No. 08-01007, 2008 WL 939190, at *1 (D.N.J. Apr. 4, 2008)). Specifically, under Section 2000e-5(f)(3), venue is proper: (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered";[1] or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3); *see also* 42 U.S.C. § 12117(a) (adopting the venue provisions of Title VII).

When a court concludes that venue is improper, it may dismiss the case or transfer it to another district pursuant to Section 1406(a). *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 436 (D.N.J. Aug. 4, 2015); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Separately, under Section 1404(a), courts may transfer a case even when venue is proper if doing so would serve the convenience of the parties and witnesses or promote the interest of justice. *Id.*; *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). The distinction between these statutes allows courts flexibility to address both

---

[1] Here, the Parties do not dispute that Defendants maintain their employment records in New Hampshire, thus venue cannot be established in New Jersey on this basis. (Def.'s Mot., ECF No. 18-1 at 24).

improper and inconvenient venues.

## IV. DISCUSSION

Defendants argue that venue is improper in the District of New Jersey under the specific venue provisions governing Title VII and ADA claims and seek dismissal under Rule 12(b)(3) or, alternatively, a transfer of venue. (Def.'s Mot., ECF No. 18-1 at 20–31). Plaintiff opposes, asserting that venue is proper in New Jersey either as the judicial district where the alleged unlawful employment practices occurred or as the district where she would have worked but for her termination. (Pl.'s Opp., ECF No. 22 at 20–22). For the reasons that follow, the Court finds that Plaintiff has not demonstrated that venue is appropriate under either theory and will therefore transfer the case for improper venue.

Plaintiff argues that her claims of harassment and discrimination are closely tied to her work in New Jersey. Specifically, she cites two instances of alleged in-person sexual harassment by a workers' compensation claimant during medical appointments in the state and asserts that her failure-to-accommodate claim arises from her request to limit driving long distances into New Jersey due to her disability. (*Id*. at 21). However, to determine venue under Title VII, courts apply a "common sense appraisal of events having operative significance." *Beall v. Kitchen*, No. 23-2330, 2023 WL 7019180, at *2 (E.D. Pa. Oct. 24, 2023) (citing *Jackson v. Ashcroft*, No. 02-8298, 2003 WL 22271478, at *2 (E.D. Pa. July 14, 2003)). Under this framework, venue is improper when a substantial part, if not all, of the challenged employment practices occurred outside the state. *Id.*

Applying this standard, the Court finds that Plaintiff's connections to New Jersey are insufficient to establish venue under Title VII. Plaintiff has not pled that any of the harassing text messages were received in New Jersey, that she was required to drive to New Jersey after

6

requesting accommodation, or that any conversations with her supervisors occurred there.[2] The core discriminatory and retaliatory actions—such as the alleged failure to respond adequately to her complaints, her supervisor's inappropriate questioning, and the adverse employment decisions—occurred outside New Jersey, where Plaintiff and Defendants' supervisory personnel were located. Although Plaintiff highlights her interactions with a claimant during medical appointments in New Jersey, these are but only two instances and do not constitute substantial operative acts of discrimination or retaliation. Accordingly, the Court finds that venue is improper under Title VII's first venue provision.[3]

Under Title VII's third venue provision, venue is also proper "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Plaintiff argues that, absent her termination, she would have

---

[2] While Plaintiff states that she could amend her Complaint to include additional allegations supporting venue, (Pl.'s Opp., ECF No. 22 at 33, 45–46), Plaintiff has not formally moved to amend her Complaint pursuant to Rule 15(a)(2), nor has she attached a proposed amended complaint as required by Local Civil Rule 7.1(f). Courts routinely reject such informal requests embedded in briefing as procedurally improper. *See, e.g., Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006) (noting that a district court does not abuse its discretion by denying an informal request to amend made solely through opposition papers). Accordingly, the Court declines to entertain Plaintiff's request to amend absent a proper motion.

[3] Moreover, even if a substantial part of the alleged unlawful employment practices occurred in New Jersey, transfer would nevertheless be appropriate under Section 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) (explaining that "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper" and listing the private and public interests that courts consider). Here, the Court finds that several factors weigh in favor of transfer to the Eastern District of Pennsylvania, including Defendants' preference, where the claim arose, the convenience of the Parties, the local interest in deciding local controversies, and the public policies of the fora. While Plaintiff's choice of forum is a relevant consideration, it is afforded less weight because New Jersey is neither her home nor closely connected to the operative facts. *See Prudential Ins. Co. of Am. v. Robinson-Downs*, No. 07-1917, 2008 WL 3896009, at *4 (D.N.J. Aug. 19, 2008). Accordingly, the Court concludes that transfer to Pennsylvania is also appropriate under Section 1404(a).

continued working in New Jersey. (Pl.'s Opp., ECF No. 22 at 21–22). However, courts have consistently rejected similar arguments where a plaintiff's principal place of work was outside the proposed venue, and the plaintiff merely traveled to the venue state for work-related purposes. As explained in *Binks v. U.S. Tech Solutions*, "the use of the article 'the' [in 'the judicial district'] rather than 'a' strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take that individual." No. 20-02969, 2020 WL 6701470, at *3 (D.N.J. Nov. 12, 2020) (quoting *James v. Booz-Allen*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002)); *see also Rad v. Cognizant Tech. Sols. U.S. Corp.*, No. 20-03497, 2020 WL 6383245, *2 (D.N.J. Oct. 30, 2020) (finding that plaintiff's principal place of work was location of home office in Georgia despite "significant" travel to New Jersey).

Here, Plaintiff's principal place of work was her home office in Pennsylvania, not New Jersey. Although she traveled to New Jersey for medical appointments, such travel does not transform New Jersey into her primary workplace for purposes of determining venue. Consequently, Plaintiff's claim that she "would have worked in New Jersey but for her termination" does not satisfy the venue requirements of Section 2000e-5(f)(3). Instead, the appropriate venue would be the Eastern District of Pennsylvania.

Having decided that venue is improper in this District, the Court must determine whether to dismiss the case or transfer it pursuant to Section 1406. *Jumara*, 55 F.3d at 878. Section 1406(a) is intended to preserve claims that might otherwise be barred by the rigid application of dismissal rules. *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (citation omitted). "Transfer is generally more in the interest of justice than dismissal." *Binks*, 2020 WL 6701470, at *3 (citations omitted); *see also Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2021) (citation

omitted) ("Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities.'"). "A Court transferring venue under [Section] 1406 must simply determine a venue in which the action originally could have been brought that serves the interest of justice." *de Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265, 269 (D.N.J. 2001).

As outlined above, the Complaint could have been filed in either the District of New Hampshire, where the employment records are maintained, or the Eastern District of Pennsylvania, where a substantial part of the alleged unlawful practices occurred and where Plaintiff would have worked but for the alleged termination. Because the interests of justice favor transfer to Pennsylvania, and Plaintiff does not oppose transfer there,[4] the Court will transfer this action to the Eastern District of Pennsylvania.

In light of the transfer, the Court declines to address Defendants' arguments for dismissal under Rules 12(b)(2) and 12(b)(6). These arguments are denied without prejudice to Defendants' right to reassert them in the transferee court, where they can be more appropriately resolved.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. (ECF No. 18). The Clerk of Court shall transfer this action to the U.S. District Court for the Eastern District of Pennsylvania. An appropriate Order accompanies this Opinion.

---

[4] While Plaintiff argues that Defendants are "unable to establish any connections to Pennsylvania or New Hampshire that are as relevant to this matter as the substantive connection with New Jersey," (Pl.'s Opp., ECF No. 22 at 24), Plaintiff's Opposition is otherwise devoid of any argument as to why venue is not proper in Pennsylvania. Instead, Plaintiff focuses on challenging venue in New Hampshire, leaving the Court without a substantive basis to conclude that Pennsylvania is an improper forum.

                                    */s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**